# United States District Court
## for the Northern District of Oklahoma

Case No. 24-CR-81-JDR

UNITED STATES OF AMERICA,

*Plaintiff,*

versus

ADAM JOSEPH KING,

*Defendant.*

### OPINION AND ORDER

On April 5, 2024, the Government filed notice of its intent to introduce the testimony four experts: Michael Baxter, D.O., a pediatrician specializing in child sexual abuse; Constance Lansdale, an expert in serology examination; Anthony Birchfield, an expert in the forensic examination and identification of DNA; and Kelsey Hess, an expert in child sexual abuse disclosure topics and forensic interviews. Dkt. Nos. 27, 28-1, 30. Mr. King objected to each of the proposed experts. Dkt. Nos. 35, 36, 37. Following a hearing held on May 13, 2024, the Government supplemented its notice, providing additional information concerning the proposed testimony. Dkt. Nos. 48, 49. Based on that supplemental disclosure, and for the reasons set forth below, the Court OVERRULES Mr. King's objections without prejudice.

Mr. King first argues the proposed experts' disclosures are insufficient. *See* Dkt. 35 at 3; Dkt. 37 at 3. But Mr. King's objections are directed to the Government's original disclosures. The Government's supplemental disclosures provide additional details regarding the proposed experts' opinions. *See* Dkt. 49. Accordingly, Mr. King's objection is OVERRULED as MOOT,

without prejudice as to Mr. King's ability to challenge the sufficiency of the Government's supplemental disclosures.

Mr. King next challenges the relevance of the proposed opinions of Ms. Lansdale and Mr. Birchfield. Dkt. 35 at 4. Mr. King notes that some of the DNA analyses conducted by these two witnesses generated results that were either inconclusive or indicated that a significant number of people could be potential contributors to the DNA sample. *See* Dkt. 35 at 4 (reflecting conclusion that 1 in 50 people could be a potential contributor to a DNA sample). He contends that the inability to "rule out" a particular individual as a potential contributor to a DNA sample means little when the same could be said for millions of people worldwide. Dkt. 35 at 4.

Mr. King's challenge is not a novel one. Many other defendants have challenged the relevance and admissibility of DNA evidence with similar statistical significance. Generally speaking, those challenges have been unsuccessful. For example, in *United States v. Morrow*, the District Court for the District of Columbia held that DNA evidence with a "low statistical significance" may nevertheless be properly admitted under Rule 403 of the Federal Rules of Evidence. 374 F. Supp. 2d 51, 66 (D.D.C. 2005). The court expressed reluctance to exclude conclusions based on sound methodology and recognized that vigorous cross-examination is the appropriate means for challenging the evidentiary value of statistical evidence. *Id.* at 64-66.

Similarly, in *United States v. McCluskey*, the District Court for the District of New Mexico considered a defendant's claim that a jury would place undue weight on evidence that one in twelve Caucasians could have contributed to the DNA found on a handgun. 954 F. Supp. 2d 1224, 1273 (D.N.M. 2013). The court held that the probative value of the evidence was "great" because it linked the defendant to the physical evidence. *Id.* The court also concluded that no *unfair* prejudice would result from the admission of the evidence, because any damage to the defendant's case would be the result of the legitimate probative force of the evidence, rather than other factors. *Id.*

The court, recognizing the liberal standard of admission and the presumption that the risks associated with "shaky" evidence can be alleviated by cross-examination, countervailing evidence, and appropriate jury instructions, concluded that the probative value of the evidence was not substantially outweighed by the prejudicial effect of that evidence. *Id.* at 1274-75.

This Court agrees with the reasoning set forth in *Morrow* and *McCluskey* and overrules Mr. King's challenges to the opinions proffered by Ms. Lansdale and Mr. Birchfield. There is no contention that the conclusions were obtained through flawed methodology. *Morrow*, 374 F. Supp. 2d at 56. The proposed evidence is manifestly probative, as it links key individuals to physical evidence allegedly connected with the charged crime. *See McCluskey*, 954 F. Supp.2d at 1273. And if Mr. King is prejudiced by the introduction of evidence linking those individuals to the physical evidence, that prejudice is not "unfair" because it does not adversely affect the jury's attitude toward Mr. King for reasons wholly separate from the jury's judgment of his guilt or innocence. *United States v. Smith*, 534 F.3d 1211 (10th Cir. 2008) (recognizing that Federal Rule of Evidence 403 does not protect a party from *all* prejudice, but only *unfair* prejudice). To the extent Mr. King contends that a significant number of other people could have contributed to the DNA samples, that contention goes to the weight of the evidence, not its admissibility, and Mr. King remains free to challenge the weight of the expert evidence through cross-examination and the introduction of contrary evidence. Accordingly, Mr. King's objections to Ms. Lansdale's and Mr. Birchfield's testimony are OVERRULED.

The Court now turns to Mr. King's contention that Dr. Baxter should be precluded from opining that "most sexually abused children have normal anogenital exams." Dkt. 36 at 4. According to Mr. King, this opinion is not adequately supported by the scientific evidence because (1) the American Academy of Pediatricts report referenced by the Government addresses sexual molestation in general, rather than sexual penetration specifically; (2) the

Kellogg article cited by the Government involves a small number of victims, only one of whom was examined within two weeks of her most recent sexual contact; and (3) the Adams, Farst, and Kellogg article assumes, rather than finds, that "[m]ost sexually abused children will not have signs of genital or anal injury," and does not confirm Dr. Baxter's opinion. *Id.* at 4-5.

The Court concludes that Dr. Baxter's opinion is amply supported. In *United States v. Parson*, No. 21-CR-0112-CVE, 2021 WL 5277129 (N.D. Okla. Nov. 12, 2021), this Court considered arguments identical to the ones presented by Mr. King. *See United States v. Parson*, No. 21-CR-0112-CVE, Dkt. 85 at 2-3 (setting forth the defendant's challenge to an expert opinion because the AAP report incorporated forms of molestation that would not be expected to result in abnormal examinations, the Kellogg report relied on a small sample size, and the Adams report did not reach the proffered conclusion). This Court rejected those arguments, concluding that the expert's opinion was based on sufficient facts and data as evidenced by the peer-reviewed, academic sources cited in support of the opinion. *Parson*, 2021 WL 5277129, at *2. The Court sees no basis for reversing course in this case. The sources cited by the Government provide a sufficient basis for Dr. Baxter's opinion, which is admissible under Rule 702 of the Federal Rules of Evidence. Accordingly, while Mr. King may point to facts that purportedly undercut Dr. Baxter's opinion, his objection to that opinion is OVERRULED.

In his final challenge, Mr. King contends that Ms. Hess's opinions are inadmissible under Rules 702 and 403 of the Federal Rules of Evidence. Dkt. 37 at 3-4. Specifically, Mr. King contends that Ms. Hess's testimony concerning "generalities and ... circumstances that can influence a child's disclosure process and why it might be inconsistent" constitutes impermissible vouching and encourages the jury to disregard inconsistencies in the alleged victim's testimony. Dkt. 37 at 12-13. He further argues that her opinion is inadmissible insofar as it is based upon an article by Roland C. Summit discussing Child Sexual Abuse Accommodation Syndrome. *Id.* at 14-15.

Mr. King's objection was filed without the benefit of the Government's expanded disclosure. It appears that some of Mr. King's objections may now be resolved. For example, the most recent disclosure does not appear to reference the article challenged by Mr. King. Furthermore, the proffered opinions appear to be directed toward the characteristics of sexually abused children in general, rather than the testimony of the specific victim in this case. Dkt. 49-1. *See United States v. Johns*, 15 F.3d 740, 743 (8th Cir.1994) (recognizing that an expert may opine as to the typical emotional and psychological traits of abuse victims), *cited with approval in United States v. Charley*, 189 F.3d 1251, 1265 (10th Cir. 1999). *See also United States v. Ogden*, No. 20-CR-136-JFH, 2021 WL 789863, at *2 (E.D. Okla. Mar. 1, 2021) (stating that "courts routinely conclude expert testimony regarding the characteristics of sexually abused children is not within the common knowledge of a jury and will assist the jury"). Accordingly, the Court OVERRULES Mr. King's objections to Ms. Hess's testimony as MOOT, without prejudice to Mr. King's ability to raise specific challenges to the opinions set forth in the Government's supplemental disclosure.

DATED this 22nd day of May 2024.

_____
JOHN D. RUSSELL
*United States District Judge*