**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  24-CR-81-JDR |
| | ) | |
| ADAM JOSEPH KING, | ) | |
| Defendant. | ) | |

<u>**DEFENDANT'S OBJECTION TO PRESENTENCE REPORT**</u>

Mr. King, through Counsel of record, does object to paragraph 51 of his presentence report.  That paragraph states that "[b]ased upon the offense involving the sexual assault (or rape, etc.) of a minor victim, in order to adequately protect the public, paragraph four of the Special Sex Offender Conditions shall be imposed precluding the viewing of child ***and adult pornography***, as it is often impractical to differentiate between teenaged children and adults in sexually oriented materials and pornography often depicts and glorifies violent sexual behavior." (emphasis added).

OBJECTION: The government lacks a compelling interest required to infringe on Mr. King's Constitutional rights and the proposed condition is not narrowly tailored to achieve a compelling interest.

Possession of pornography is a Constitutional right. The First Amendment protects the fundamental right of individuals to possess sexually explicit (and non-explicit) materials involving adults. *United States v. Koch*, 978 F .3d 719, 724 (10th Cir. 2020). This is especially true with respect to the possession of such materials within a person's home. *Koch*, 978 F.3d 719, 727 n.3 (10th Cir. 2020). When a

defendant claims that a condition of supervised release restricts his First Amendment rights to possess such materials within his own home, the defendant "is asserting the right to read or observe what he pleases-the right to satisfy his intellectual and emotional needs in the privacy of his own home. He is asserting the right to be free from state inquiry into the contents of his library." *Koch*, 978 F.3d 719, 727 n.3 (10th Cir. 2020) (quoting *Stanley v. Georgia*, 394 U.S. 557, 565, 89 S. Ct. 1243, 1248, 22 L. Ed. 2d 542, 549 (1969)).

Tenth Cir. law says that before the court can impose a condition that steps on a constitutional right, the government must establish that it has a compelling interest. If a district court imposes a special condition of supervised release "that invades a fundamental right or liberty interest," (i.e., a constitutional right), the district court must conduct a "particularly meaningful and rigorous analysis." *United States v. Englehart*, 22 F.4th 1197, 1208 (10th Cir. 2022); *United States v. Pacheco-Donelson*, 893 F.3d 757, 760 (10th Cir. 2018) (framing the issue as whether a "constitutional interest" exists). This is so because "' [c]onditions that touch on significant liberty interests are qualitatively different from those that do not.'" *United States v. Malone*, 937 F.3d 1325, 1328-1329 (10th Cir. 2019). In doing so, the district court must: (1) give a "compelling justification for imposing the condition; and (2) "set forth, on the record, defendant-specific findings" that support the compelling interest. *United States v. Englehart*, 22 F.4th 1197, 1208 (10th Cir. 2022) (quotation

omitted); see also *Koch*, 978 F.3d 719, 726 (10th Cir. 2020) (same). Stated differently, the district court "must (1) make particularized findings that are specific to [the defendant's] history and characteristics, (2) explain how the specific condition furthers the statutory goals of supervised release, and (3) balance those goals against the [constitutional] concerns raised by the condition." *United States v. Englehart*, 22 F.4th 1197, 1211 (10th Cir. 2022).

Here, Mr. King submits that the condition is not supported by a compelling interest and requests a hearing thereon.

**OFFICE OF THE FEDERAL PUBLIC DEFENDER**
Julia L. O'Connell, Federal Public Defender

By: *s/Lindsey Holguin*
      Lindsey Holguin, OBA No. 31589
      Assistant Federal Public Defender
      Williams Tower I, Suite 1225
      One West Third Street
      Tulsa, OK  74103
      (918) 581-7656

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 10th day of January, 2025, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of Notice of Electronic Filing to the following ECF registrant(s):

Valeria Luster
Matthew Cyran
Assistant United States Attorneys


*s/Lindsey Holguin*
Lindsey Holguin
Assistant Federal Public Defender