IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 24-CR-81-JDR |
| ADAM JOSEPH KING, | |
| Defendant. | |

### The United States' Response in Opposition to Defendant's Objection to Presentence Report (Dkt. # 104)

The Court should impose the Special Sex Offender Condition prohibiting King from possessing or viewing videos or visual depictions of sexual acts or child pornography. The narrowly-tailored special condition minimally impacts King's constitutional rights and is justified by compelling circumstances promoting King's rehabilitation and deters future criminal behavior.

### Factual Background

At trial, E.A. (MV's mother) testified that her sexual relationship with King included bondage and she and King purchased a variety of sex toys to facilitate their sex life. King reiterated this position in his first interview with Catoosa Police Department Detective David Book. (Gov. Tr. Ex. 36 at 15:38-16:06). King also told Detective Book that he watches pornography, including ENF (embarrassed nude female), ENF schoolgirl, and bondage. (*Id.* at 26:40-27:51). King described ENF

pornography as depicting women embarrassed by their accidental nudity. (*Id.*).

The PSR and MV's trial testimony support that King used bondage items on MV, including cuffs that he used to tie MV to the bed, a blindfold, and ball gag. *See* PSR ¶ 6. After King tied MV down, blind folded, and gagged her, he sexually abused MV by touching and penetrating her bare genitals with his hands, penis, and vibrators. *See id.* At trial, MV testified that King frequently sexually abused her in that manner.

## Argument and Authority

When imposing special supervised release conditions, courts must provide defendant-specific reasons why the condition supports and furthers the section 3583(d) factors. *United States v. Koch*, 978 F.3d 719, 725 (10th Cir. 2020); 18 U.S.C. § 3583(d). A "hypertechnical" analysis is not required, *Koch*, 978 F.3d at 725, but courts must generally explain that the special condition (1) is reasonably related to pertinent § 3553(a) factors[1], (2) does not deprive the defendant of liberty greater than reasonably necessary, and (3) is consistent with Sentencing Commission policy statements. 18 U.S.C. § 3583(d).

However, to impose special supervised release conditions that limit or prohibit a defendant's access to constitutionally protected materials, like sexually oriented materials involving adults, courts "must justify the condition with compelling circumstances." *Koch*, 978 F.3d at 725-26 ("[C]ase law mandates that the district court engage in an on-the-record analysis of the propriety of all special conditions of

---

[1] Specifically, the nature and circumstances of the offense, history and characteristics of the defendant, as well as the need to deter criminal conduct, protect the public from the defendant's future crimes, and to assist in rehabilitation. 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D).

supervised release and a particularly meaningful and rigorous analysis when the special condition implicates a fundamental right or interest.").

Here, the facts surrounding King sexually abusing MV, his sexual practices with E.A., his pornography preferences, and the special condition's narrow tailoring and consistency with the Sentencing Commission's policy statements all weigh in favor of imposing the condition.

### I.  The special condition is reasonably related to the relevant § 3553(a) factors.

First, the nature and circumstances of King's offense and his characteristics require the special condition. The record is replete is evidence that supports this prohibition. King's adult pornography preferences notably include topics like embarrassed nude schoolgirls and bondage, which are intimately connected to the facts of this case. King expanded his adult pornography preferences and sexual practices from consenting adults to a children. King watched schoolgirl pornography. He then sexually abused his girlfriend's child. He also actively engaged in bondage with girlfriend, and then he bound, blinded, and gagged a young child. The similarity between King sexually abusing MV and his pornography preferences warrants prohibiting King from possessing or viewing the sexual material described in the PSR.

Second, the special condition deters future criminal conduct, protects the public, and assists in rehabilitating the defendant. King's adult pornography preferences are eerily similar to the manner in which he sexually abused MV. Therefore, restricting

King from possessing or viewing adult pornographic videos and images both deters King's future criminal behavior and protects the public. Moreover, the PSR notes that King's rehabilitative efforts will likely require sex offender treatment. PSR ¶ 51. Disconnecting King's adult pornography preferences from the sexual abuse King inflicted on MV is a crucial step in King's rehabilitation. All four § 3553(a) factors support and necessitate the proposed sexual material prohibition.

II.     **The proposed special condition deters and rehabilitates King while minimizing deprivations to his liberty.**

Unlike broader and more generalized sexual material prohibitions, the PSR's proposed special condition focuses on prohibiting the conduct most relevant to King's case and most necessary for his rehabilitation and deterrence. *See* PSR ¶ 51. Currently, the Northern District's Special Sex Offender rules prohibits defendants from possessing or viewing "books or any form of writings, images or videos depicting or describing sexually explicit conduct or child pornography." *In re Special Conditions of Probation and Supervised Release*, General Order 22-27 (N.D. Okla. Dec. 15, 2022). That condition prohibits depictions of sexually explicit conduct as defined in 18 U.S.C. § 2256(2). Sexually explicit conduct includes lewd exhibitions of the anus, genitals, -and pubic area—a much broader range of material than contemplated by King's PSR's proposed prohibition.

Accounting for King's constitutional rights and considering the facts of King's case, the PSR proposes prohibiting King from possessing or viewing videos or visual depictions displaying sexual acts as defined by 18 U.S.C. § 2246(2). PSR ¶ 51. The

4

sexual acts definition includes specific definitions of sexual conduct, which tailors King's restrictions to that appropriately-narrow window necessary to deter and rehabilitate King. After all, King acknowledged preferring pornography glorifying bondage, as well as sexual acts with embarrassed and nude school girls. King then expanded his legal pornographic preferences to illegally sexually abusing a child. The proposed condition seeks to prohibit King's access to material that might inflame his sexual interest in children, but no further.

### III. Prohibiting King from possessing or viewing videos and images of adult sex acts is consistent with the Sentencing Commission's policy statements regarding sex offender treatment.

Special supervised release conditions must be consistent with, but not expressly provided for, in Sentencing Commission policy statements. *United States v. Bear*, 769 F.3d 1221, 1231 (10th Cir. 2014) ("[W]e do not read this provision as requiring the conditions to be expressly covered by policy statements. Rather, § 3583(d)(3) mandates only that the conditions not directly conflict with the policy statements."). Here, the PSR's proposed prohibition is consistent with the Commission's policies for sex offender treatment.

The Commission intended that supervised release conditions for sex offense convictions include rehabilitative and deterrent efforts. *See* U.S.S.G. § 5D1.3(d)(7). Necessary conditions include sex offender treatment and monitoring, computer and interactive computer service limitations, and mandated search provisions. *Id.* Cumulatively, these endeavor to remove defendants from and monitor them for temptation.

The proposed special condition for King accomplishes the Commission's goals. King preferred specific types of adult pornography and then he engaged in those exact behaviors with his girlfriend's young child. Prohibiting King from viewing his preferred pornographic materials is consistent with the Commission's rehabilitative and deterrent goals for sex offenses.

## Conclusion

This Court should impose the narrowly-tailored Special Sex Offender Condition prohibiting King from possessing or viewing any video or visual depiction displaying a sexual act because King's adult pornography preferences coupled with the ways in which he sexually abused MV create compelling, defendant-and-case-specific circumstances justifying any infringement on King's constitutional rights.

Respectfully submitted,

CLINTON J. JOHNSON
United States Attorney

*/s/ Valeria Luster*
Valeria Luster, OBA #32451
Assistant United States Attorney
110 West Seventh Street
Tulsa, Oklahoma 74119
918.382.2700

## Certificate of Service

    I hereby certify that on January 15, 2025, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of Notice of Electronic Filing to the following ECF registrant(s):

Lindsey Holguin and Rob Ridenour
*Attorneys for Defendant*

                                            */s/ Valeria Luster*
                                            Valeria Luster
                                            Assistant United States Attorney